HILL RUNYAN and Others *v.* WILLIAM WEIR.

The delivery of an execution (out of a justice's court) to a plaintiff, and no return thereto, or failure to procure satisfaction, shown, is not *prima facie* evidence of the payment of the judgment.

*J. R. Brown, Attorney* for plaintiffs.

*J. W. Miller, Attorney* for defendant.

EWING, C. J.   This cause was submitted to the court upon the certiorari and papers, and the briefs of the counsel of the parties.

Upon the hearing of the appeal the plaintiff below in support of his action, which was founded on a judgment rendered by a justice of the peace, in the year 1815, in his favor against the defendants, produced a duly certified transcript from the docket of the justice.   The docket contained an entry to the following effect:   "November 4, 1815, a new execution granted and gave to John Coleman, constable."   The defendants moved the Common Pleas, to non-suit the plaintiff because an execution had issued and no return thereto, or failure to procure satisfaction was shown.   The motion was overruled and in this, the plaintiffs in certiorari insist, was error.

The fact relied on is the mere granting or issuing of the execution, for as the statute enumerating the matters to be recorded by the justice on the docket, does not require him to enter the delivery of the execution to the constable, it is conceded by the plaintiffs' brief, and has been determined by this court that such entry on the docket is not proof of the fact.   *Hunt* v. *Boylan,* 1 *Halst.* 211.   The position of the plaintiffs is, that an execution issued and unaccounted for, is *prima facie* evidence of satisfaction of the judgment.   I

23

can find neither precedent nor principle to support this doctrine. The issuing of an execution and the delivery of it to the plaintiff, which is the only legal inference from what is rightfully recorded by the justice, does not unless afterwards delivered to an officer, even form a lien on the property of the defendant, much less furnish the presumption of payment.

The plaintiffs' counsel in his brief insists that the security of the defendant requires this presumption. He states it to be the universal practice of constables, if they have obtained payment or a satisfactory levy to make no return of the execution, and of defendants to trust to a receipt on the execution as their highest security. But the statute in force in 1815, *Patt.* 368, expressly requires the constable within 30 days after the delivery of the execution, to make return of the proceedings had thereon and the justice to make a record thereof. And the carelessness of constables, or the negligence of defendants, when so ample a security is provided, can afford no ground for the court to make a new rule for their safety.

The plaintiffs' counsel asks, if an outstanding execution is not to be considered *prima facie* evidence of satisfaction, what can prevent a plaintiff suing out execution, taking it into his own hands, then prosecuting an action upon the judgment, obtaining satisfaction and afterwards putting the first execution in the hands of an officer, and enforcing its payment? I answer, the power of the court for the trial of small causes, whence the execution issued, which is abundantly sufficient to prevent so flagrant an abuse of its process.

There is no error in the decision of the common pleas.

The other justices concurred judgment affirmed.